**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARTIN NEELY** | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO. _____ |
| v. | : | |
| | : | |
| **CITY OF READING** | : | JURY TRIAL DEMANDED |
| | : | |
| Defendant. | : | |

**CIVIL ACTION COMPLAINT**

Plaintiff Martin Neely, by and through counsel, hereby complains as follows against Defendant City of Reading:

**I.      Introduction**

1. This civil action presents one claim of wrongful termination under Pennsylvania law. Plaintiff Martin Neely successfully applied for the position of Public Works Director with Defendant City of Reading. His hiring was publicly celebrated at a press conference on March 6, 2023. Thereafter, the City learned Mr. Neely had filed a previous workers' compensation claim against one of his prior employers and withdrew the job offer. The City's decision to rescind Mr. Neely's job offer for this reason violates the public policy of the Commonwealth of Pennsylvania[1] and Plaintiff is entitled to receive damages for the harm

---

[1] Aside from being illegal, the City's decision to pull Plaintiff's job offer for this reason is incredibly dumb. The City of Reading, as do other major urban areas, desperately needs highly trained, experienced personnel for it to run efficiently and have a chance to thrive in a digital world. Yet now the City will remain without such a crucial position being filled, to the detriment of its citizens and businesses. It's just another unforced error.

the City caused him.

## II.     Jurisdiction and Venue

2.      The instant action is initiated pursuant to the laws of the Commonwealth of Pennsylvania. The United States District Court for the Eastern District of Pennsylvania may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

3.      The United States District Court for the Eastern District of Pennsylvania may properly maintain original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest or costs and the parties are citizens of different States.

4.      Venue is properly laid in the Eastetrn District of Pennsylvania pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III.    Parties

5.      Plaintiff is an adult individual and citizen of the United States and the State of New Jersey.

6. Defendant is the county seat for Berks County, PA. With an estimated population of 95,112 as of the 2020 census, the City of Reading is the fourth most populated city in the state, after Philadelphia, Pittsburgh, and Allentown. See https://www.readingpa.gov/ (last visited 3/23/23).

7. Eddie Moran is the Mayor the City of the Reading, having been elected in November 2019 and inaugurated in January 2020.

**IV.   Factual Background**

8. Plaintiff is a highly educated and experienced engineer.

9. Plaintiff has earned a Master's degree in Science in Civil Engineering with Geotechnical/Soils Specialization from Northeastern University, a second Master's degree in Science in Environmental Planning and Management from Johns Hopkins University, along with a Bachelor's degree in Science in Civil Engineering.

10. Plaintiff is also licensed as a Professional Engineer.

11. In or about January 2023, the City hired a recruiter to assist in finding qualified candidates for the position of Public Works Director.

12. On or about January 30, 2023, the recruiter contacted Plaintiff to discuss the Public Works Director position.

13. On or about February 6, 2023, Plaintiff had his first interview for the position with the recruiter.

14. After that interview, Plaintiff submitted an application for the position, along with the other requested materials such as a resume and letters of reference.

15. On or about February 23, 2023, Plaintiff met with the City's HR Director Marcelino Colon, the recruiter, and two other City officials for a two-hour, in-person interview in City Hall.

16. The interview went well, as Plaintiff was invited to return the next day to meet with the City's Managing Director.

17. On or about February 24, 2023, Plaintiff met in City Hall with Colon, City Managing Director William Heim, and Acting Public Works Director Kyle Zeiber.

18. The interview went well, as Plaintiff was invited to return to meet with Mayor Moran

19. On or about February 28, 2023, Plaintiff met with Mayor Moran and Colon. Again, the interview went well, as later that day Colon called Plaintiff to extend an offer of employment on behalf of the City.

20. Plaintiff accepted the job offer.

21. Mayor Moran convened a press conference on Monday, March 6, 2023 and gleefully announced Plaintiff's hiring. Moran praised Plaintiff as follows:

> **"Mr. Neely has extensive experience in engineering project delivery, quality management and public works, including project engineering, construction management, and geotechnical soils engineering. He has managed various public sector projects on behalf of large public companies and served as a senior consulting engineer in the public sector," said Moran.**

      <u>See</u> https://berksweekly.com/news/mayor-moran-announces-his-choice-for-public-works-director/ (last visited 3/24/23).

22. **On or about March 15, 2023, Plaintiff was notified that the City was rescinding its offer of employment because the City learned he had filed a lawsuit against a prior employer.** That lawsuit entailed claims for workers' compensation, wrongful termination and discrimination.

23. On or about March 17, 2023, the City's Managing Director William Heim called Plaintiff and asked Plaintiff to withdraw his application for the Public Works Director position.

24. In that call, **Heim threatened Plaintiff**. He told Plaintiff that if he refused to withdraw his application by the end of business day, the City would give its reasons to the news media regarding rescinding the offer made to Mr. Neely, and those reasons would be damaging to Plaintiff's reputation.

25. Plaintiff refused.

## COUNT ONE
## <u>WRONGFUL TERMINATION UNDER PENNSYLVANIA LAW[2]</u>

26. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

---

[2] Plaintiff will add claims for illegal retaliation under federal and state anti-discrimination laws once he has exhausted those administrative remedies.

27. In Pennsylvania, it is unlawful to deny employment because and individual has filed a workers' compensation claim. Shick v. Shirey, 716 A.2d 1231 (Pa. 1998).

28. The City's conduct as aforesaid constitutes an illegal denial of employment.

29. As a result of the City's actions, Plaintiff has suffered pecuniary losses, emotional pain, anguish and suffering, humiliation, inconvenience, loss of enjoyment of life, and other non-pecuniary losses, as set forth herein.

30. Defendant's conduct as aforesaid reflected an "evil motive" or "reckless indifference to the rights of others."

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be permanently enjoined from retaliating against employees who file claims for workers' compensation;

B. Defendant is to promulgate and adhere to a policy prohibiting wrongful terminations;

C. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, and seniority.

D. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, emotional distress, and humiliation caused him by Defendant's actions and omissions;

E. Plaintiff is to be awarded punitive damages;

F.        Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate;

G.        Plaintiff is to be awarded the costs and expenses of this action;

H.        Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law;

I.        Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**WEINSTEIN LAW FIRM, LLC**

By:    /s/ Marc E. Weinstein
Marc E. Weinstein, Esquire
500 Office Center Drive, Suite 400
Fort Washington, PA 19034
267.513.1942 tel
PA Atty No. 79474
marc@meweinsteinlaw.com
Counsel to Plaintiff

Dated:       March 24, 2023

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MARTIN NEELY

**DEFENDANTS**
CITY OF READING

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Marc E. Weinstein  WEINSTEIN LAW FIRM, LLC  500 Office Center Dr., Ste. 400, Ft. Washington, PA 19034

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [x] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/Exchange |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC sec. 1332

Brief description of cause:
WRONGFUL TERMINATION

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: Mar 24, 2023

SIGNATURE OF ATTORNEY OF RECORD
/s/ Marc E. Weinstein

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __Robbinsville Twp, New Jersey__

Address of Defendant: __City of Reading, Berks County, PA__

Place of Accident, Incident or Transaction: __CITY OF READING, BERKS COUNTY, PA__

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [●] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __03/24/2023__   *(signature)* Marc E. Weinstein   __79474__
         Attorney-at-Law / Pro Se Plaintiff         Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [✓] All other Diversity Cases
    *(Please specify):* __WRONGFUL TERMINATION__

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Marc E. Weinstein__, counsel of record *or* pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[✓] Relief other than monetary damages is sought.

DATE: __03/24/2023__   *(signature)* Marc E. Weinstein   __79474__
         Attorney-at-Law / Pro Se Plaintiff         Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)